IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KEITH M. MAYFIELD                                                                                           PLAINTIFF

V.                                         NO. 1:03CV00050 JWC

JO ANNE B. BARNHART,                                                                                 DEFENDANT
Commissioner, Social
Security Administration

ORDER

Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 or in the alternative, a fee award under the Social Security Act, 42 U.S.C. § 406(b) (docket entry #15).  He seeks an EAJA award of $3,710.00 (26.5 hours at an enhanced rate of $140.00).  Additionally, he seeks reimbursement of expenses in the amount of $195.22.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A claimant who wins a sentence-four remand order, such as Plaintiff did in this case (docket entries #13, #14), is a prevailing party entitled to EAJA fees.  Shalala v. Schaefer, 509 U.S. 292, 302 (1993).  The Commissioner does not contest Plaintiff's entitlement to an award of attorney's fees and expenses under the EAJA; however, she does object to the number of hours requested (docket entry #17).

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  See Pierce v. Underwood, 487 U.S. 552, 571 (1988).

Plaintiff seeks an hourly rate of $140.00 for work performed by his attorney in this

case, arguing that the statutory rate should be enhanced based on the increased cost of living as evidenced in the Consumer Price Index (CPI).  He has presented uncontested proof of an increase in the cost of living since March 29, 1996, the effective date of the current version of the EAJA.  Where one petitioning for fees under the EAJA presents uncontested proof of an increase in the cost of living sufficient to justify an enhanced fee of more than the statutory rate, enhanced fees should be awarded.  Johnson v. Sullivan, 919 F.2d 503, 504-05 (8th Cir. 1990) (CPI is "proper proof" of an increase in the cost of living).  The Commissioner does not object to the requested rate and has not come forward with any evidence suggesting that a cost-of-living increase in the hourly rate would be unjust or improper in this case.

In cases filed by another attorney in this District, the Commissioner has agreed to pay enhanced hourly rates for attorney work based on an increased cost of living.[1]  The Court believes that, if an enhanced rate is awarded to one attorney representing social security claimants due to an increase in the cost of living, it should be awarded to other attorneys requesting an enhanced rate for the same reason.  In Johnson, the Eighth Circuit Court of Appeals admonished:

> Under ordinary circumstances, ... the cost of living affects each litigant within a judicial district to the same degree.  Proper proof of an increase in the cost of living should result in consistent hourly fee awards in each case, rather than disparate fee awards from each court within the district or from different courts within this circuit.

Id. at 505.  To promote consistency, and under the particular circumstances present in this case, the Court finds that Plaintiff's counsel should be awarded an enhanced hourly rate of $140.00, as requested.

The Commissioner objects to compensation for (1) improperly intermingled attorney time spent on a subsequent claim, (2) time spent at the administrative level, (3) certain

---

[1]The agreement is between The Bartels Law Firm and the Office of General Counsel, Region IV, Social Security Administration.  It is set forth in a letter dated November 21, 2002, a copy of which has been attached to Mr. Bartels' fee petitions in a number of cases in the Eastern District of Arkansas.  See, e.g., Johnson v. Barnhart, Case No. 3:04cv00128 (attached to docket entry #14).

tasks which should be considered clerical work, (4) "review of file" notations for every itemized entry, and (5) preparation of an irrelevant exhibit.

First, the Commissioner contends that counsel has included entries which represent work not related to this case or which are for work in administrative proceedings. EAJA allows an award of fees incurred by the prevailing party "in [a] civil action." 28 U.S.C. § 2412(d)(1)(A). This does not extend to fees for attorney services rendered at the administrative level except in the narrow situation where a district court has retained jurisdiction of a civil action pending completion of the administrative proceedings. Sullivan v. Hudson, 490 U.S. 877, 892, 897-99 (1989); Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). EAJA fee recoverability is thus limited to attorney work performed in administrative proceedings following a sentence-six remand, not sentence-four as in this case. Schaefer, 509 U.S. at 299-300 & n.4. A separate statute permits an attorney to obtain a fee award from the Commissioner for work performed at the administrative level. See 42 U.S.C. § 406(a).

Compensation for the following time entries, totaling 5.25 hours, is, therefore, disallowed as being for administrative work that is not compensable under EAJA: 07/25/03, .25 hour (letter to Appeals Council enclosing witness letters); 09/02/03, .50 hour (review SSA decision); 09/03/03, .50 hour (letter enclosing a form to administratively appeal SSA decision);02/27/04, .25 hour (review of SSA exhibit list); 04/22/04, .25 hour (letter to SSA enclosing medical records); 05/10/04, .25 hour (review request for consultative exam); 05/17/04, .25 hour (review letter from SSA); 05/18/04, .25 hour (review letter from SSA); 09/28/04, .25 hour (letter to client about administrative hearing date); 10/10/04, .25 hour (letter requesting medical records); 10/11/04, 1.0 hour (client conference); 10/18/04, .25 hour (review of medical records); 10/27/04, 1.0 hour (preparation of medical exhibit). In fact, the record submitted here does not indicate that any administrative proceedings for this claimant were in progress during much of this time frame, instead showing that the

administrative proceedings subject to judicial review were completed with the Appeals Council decision on April 4, 2003, (Tr. 6-9, 358-64), and did not begin again until the Court's sentence-four remand order in September 2004.

Counsel also requests .25 hour of compensation for receiving and reviewing a remand order on December 8, 2003. The only remand order in this case was entered on September 17, 2004 (docket entry #13). This entry will be disallowed as not supported by the Court's records.

The Commissioner argues that Plaintiff's requested fee must be further reduced because he has included work which does not require an attorney's expertise, is deemed general office duties, and can easily be done by support staff. An attorney is not entitled to compensation under the EAJA for work which could have been done by support staff. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987); see Philipp v. ANR Freight System, Inc., 61 F.3d 669, 675 (8th Cir. 1995) (disallowing attorney time for performance of clerical duties). Furthermore, purely clerical or secretarial tasks should not be billed at even a paralegal rate, regardless of who performs them. Missouri v. Jenkins, 491 U.S. 274, 289 n.10 (1989). Although some attorney time is justified for reviewing and instructing as to procedure, the Court agrees that having a routine transmittal letter prepared and signed does not call for any legal expertise or the highly skilled services of an attorney and should not take fifteen minutes of an attorney's time, as requested by Plaintiff's counsel in several entries. Similarly, the payment of bills for copies of medical records is a task that could have been, and possibly was, performed by support staff. At most, the attorney would have had to approve any expenditures.

Therefore, the Court finds that the following entries should be disallowed or reduced: 06/17/03, .25 hour (letter requesting medical records); 06/17/03, .25 hour (letter requesting medical records); 07/02/03, .25 hour (receipt and review of bill); 07/03/03, .25 hour (letter to judge enclosing medical records); 07/07/03, .25 hour (letter enclosing check for medical

records); 07/22/03, .25 hour (letter to judge enclosing medical records); 07/27/03, .25 hour (letter enclosing check for medical records); 07/31/03, .25 hour (letter to Commissioner enclosing summons and complaint); 07/31/03, .25 hour (letter to U.S. Attorney General enclosing summons and complaint); 07/31/03, .25 hour (letter to U.S. Attorney enclosing summons and complaint); 07/12/04, .25 hour (transmittal letter to U.S. Attorney).  The Court will allow a total of one hour (1.0) for these entries, rather than 2.75 hours as requested.

The Commissioner also objects to counsel's boilerplate "Review of file" notation appended to each time entry.  While using this notation has probably artificially inflated the time requested in this case, the Court believes that the other disallowances made in this order have adequately reduced the compensation to be awarded to counsel.

The Court will allow compensation for the 10/26/04 entry (preparation of "Exhibit A") as it appears to have been for preparation of counsel's EAJA fee application.

Finally, the Commissioner objects to Plaintiff's alternative request for attorney fees pursuant to 42 U.S.C. § 406(b).  This provision permits an attorney to obtain a fee award for successful court representation of disability claimants, payable out of any past-due benefits awarded to the claimant.  Id. § 406(b)(1)(A).  Here, there is no evidence of a determination that Plaintiff will be, or has been, awarded benefits out of which § 406(b) fees could be paid.  This alternative request is denied without prejudice.

Therefore, the Court will allow 19.25 hours of attorney time at the requested rate of $140.00 per hour, for a total fee award of $2,695.00.  Additionally, the Court will approve expenses in the amount of $195.22.

Accordingly, it is hereby ORDERED

(1) That Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (docket entry #15) is granted as modified;

(2) That Plaintiff's attorney is entitled to an attorney's fee in the amount of

$2,695.00, together with expenses of $195.22, for a total of $2,890.22, all pursuant to the EAJA; and

(3) That the Commissioner is directed to certify and pay to Frederick S. Spencer, attorney for Plaintiff, the amount awarded pursuant to the EAJA.

IT IS SO ORDERED this 7th day of April, 2006.


_____
UNITED STATES MAGISTRATE JUDGE